**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

       Plaintiff,
v.
                                                 Case No. 15-20613

JASON RIVCHIN,

       Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Jason Rivchin pleaded guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. (ECF No. 106, PageID.158.) On November 6, 2018, the court sentenced him to a within-the-Guidelines sentence of 37 months of imprisonment. (ECF No. 120, PageID.372.) He is currently incarcerated at Duluth FPC and is scheduled to be released on July 30, 2021, although he may be eligible for home confinement as soon as March 20, 2021. (ECF No. 145, PageID.870.) Pending before the court is Defendant's motion for compassionate release. (ECF No. 33.) The court previously determined that the motion would be resolved without oral argument. (ECF No. 146.) For the reasons explained below, the court will deny Defendant's motion without prejudice.

Defendant is forty-seven years old and has a Body Mass Index ("BMI") of 34. (ECF No. 145, PageID.873.) Since his incarceration, Defendant has experienced high blood pressure. (*Id.* at PageID.874–75.) He also has a medical history of sinus infections, bronchitis, environmental allergies, upper respiratory infection, and

septoplasty surgery. (*Id.* at PageID.873.) Additionally, Defendant has self-reported symptoms consistent with diabetes. (*Id.*; ECF No. 145-1, PageID.898–99.) He argues that his release is justified based on these health conditions because they place him at an increased risk of contracting and suffering serious complications from the Coronavirus Disease ("COVID-19") while incarcerated.

In response, the Government concedes that Defendant's health conditions make him more vulnerable to COVID-19 and, as such, qualify as an "extraordinary and compelling reason[] for release" under Sentencing Guidelines Manual § 1B1.13(1)(A) & cmt. n.1(A)). (ECF No. 147, PageID.1129.) The Government further concedes that Defendant has exhausted his administrative remedies for compassionate release. (*Id.* at PageID.1117.) Nevertheless, the Government maintains that Defendant's motion should be denied because Defendant would present a danger to the community if released. (*Id.* at PageID.1129.) The Government also highlights the need for Defendant's continued incarceration to promote deterrence, reflect the seriousness of the offense, and provide just punishment. (ECF No. 147, PageID.1126.)

If, such as in this case, a Defendant presents "extraordinary and compelling reasons [that] warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A), the court must then consider the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Relevant here, § 1B1.13 provides that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18

U.S.C. § 3142(g). For the reasons explained below, the court does not find that Defendant would pose a danger under § 1B1.13 and further concludes that the relevant sentencing factors under § 3553(a) weigh in favor of his early release.

The Government argues that Defendant would pose a danger to the community if released based on his instant offense in which Defendant defrauded 21 victims in a scheme amassing a loss of over $1,000,000. (ECF No.147, PageID.1115.) The court agrees that the instant offense was serious but does not find that the offense itself makes Defendant a danger to the community.

In October 2015, Defendant was released on bond following his indictment. (ECF No. 12.) He remained on bond without incident for over three years until his eventual sentencing. At the time of his sentencing, Defendant had no countable criminal history, violent or otherwise. (ECF No. 106, PageID.371.) He was permitted to voluntarily surrender to commence his sentence. Since beginning his incarceration, Defendant has done well. He has not received any major incident reports and has availed himself of the educational and training programs at his institution. He has completed almost 100 courses, obtained his college associate's degree in theological studies, and is currently enrolled in a bachelor's program for religious education. (ECF No. 145, PageID.882.) Furthermore, he works as a full-time clerk at the education department of his facility and has made scheduled payments toward his restitution figure. (*Id.*)

While Defendant's crime was nonviolent, it impacted, indeed nearly devastated many individuals; the conspiracy involved a significant financial loss to dozens of unsuspecting victims. It was a crime that was longitudinal rather than opportunistic and required planning and sophisticated coordination. Still, Defendant's previously clear

criminal history, the fact that the instant offense was not violent, and the behavior he has demonstrated during his incarceration, leads the court to find that he would not pose a significant, current danger to others or to the community if released.

However, for the reasons explained below, the sentencing favors weighed most heavily by the court do not support early release at this stage in Defendant's sentence.

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)).

4

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). The Government argues that Defendant's crime was "complex, highly orchestrated, and devastating to his victims." (ECF No. 147, PageID.1132.) The court agrees with this description, as noted in the previous section. While the court acknowledges Defendant's lack of prior criminal history, the court cannot overlook the seriousness of the instant offense, nor the fact that Defendant waited roughly three years from the time of indictment to accept responsibility for his crimes rather than, for example, immediately offering to cooperate against other conspirators, or at a minimum more timely acknowledge his own complicity.[1] The court commends Defendant for now taking advantage of his facility's educational programs; however, the court finds that the serious nature of his offense weighs in favor of continued incarceration.

**"The need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). The court weighs this factor most heavily. As previously noted, Defendant waited a considerable time to accept responsibility for his crime. His sentence within the Guidelines, though modest, is appropriate to reflect the

---

[1] The process was more than a little drawn out. A Final Pretrial Hearing (which features a deadline for a negotiated change of plea) was adjourned a total of ten times before December of 2017, when Defendant most definitely stated that he wanted a trial. Trial was set for April, 2018, and adjourned until May, 2018, with a new date set for Final Pretrial Conference. These dates were then adjourned twice more. Defendant finally changed his plea to guilty on May 22, 2018. It is not unfair to note that had he more timely come to his decision to truthfully plead guilty, a sentence of 37 months would have almost certainly been served by now.

gravity of his offense, promote respect for the law, and provide sensible, and just, punishment.

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). The court finds that a more nearly complete satisfaction of Defendant's custodial sentence would most effectively promote deterrence, especially general deterrence.

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). Defendant was sentenced within his Guidelines calculation. (ECF No. 106, PageID.372.) This factor weighs against early release.

In sum, the court will deny Defendant's motion without prejudice because it finds that a more nearly full completion of Defendant's sentence is necessary to reflect the seriousness of his offense, promote respect for the law, and provide punishment.

However, the court would not reject out of hand a refiled motion on or after January 1, 2021, by which time he will have completed the majority of his sentence. Defendant of course, like any other inmate, may also file a warden's application should his health conditions change and worsen, or his institution experience an actual outbreak of COVID-19. Based on current BOP data, there appears to be no active cases at Duluth FPC. *COVID-19*, BOP, https://www.bop.gov/coronavirus/ (last visited Aug. 13, 2020). Presuming he has exhausted his request process with the facility, an amended motion seeking this court's ruling may be appropriate. Accordingly,

6

IT IS ORDERED that Defendant's motion for compassionate release (ECF No. 145) is DENIED WITHOUT PREJUDICE.

        s/Robert H. Cleland        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\15-20613.RIVCHIN.deny.without.prejudice.compassionate.release.HEK.RHC.2.docx